IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| SANDRA LEE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, *et al.,* <br><br> Defendants. | Case No. 5:20-cv-632-LCB |

## **REPORT OF THE PARTIES RULE 26(f) PLANNING CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's Initial Order, ECF No. 12, a conference was held on August 26, 2020, with Reed Martz and Robert Olson on behalf of Plaintiff and with Eric Soskin on behalf of Defendants.

1. **Plaintiffs' Claims.** Plaintiffs assert that the July 22, 2019 Public Safety Advisory to All Alabama Federal Firearms Licensees ("PSA") is arbitrary, capricious, contrary to law, and *ultra vires*, and that, under 18 U.S.C. § 922(t)(3)(A) and Alabama Code § 13A-11-75(b), Alabama federal firearm licensees ("FFLs") may accept an Alabama concealed carry permit in lieu of obtaining a background check from the FBI's National Instant Background Check System ("NICS"). Plaintiffs also assert that the PSA could only be issued through notice-and-comment

rulemaking, and that the Alabama PSA violates 18 U.S.C. § 926(a) as a step towards implementing a national gun registry in violation of that statute.

2.  **Defendants' Position.**  Defendants maintain that the PSA is valid as issued and deny that the PSA establishes a national gun registry in violation of 18 U.S.C. § 926(a).

3.  **Procedural Posture.**  Plaintiffs seek judicial review of agency action by the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). Accordingly, the parties expect that review will be based on the administrative record of ATF's action.  The parties do not anticipate a need to conduct discovery and believe this matter can be resolved by the Court on dispositive motions filed by the parties after the administrative record is completed.  As is typical in an APA case, the parties expect for the cross-summary judgment motions referenced herein to be the final resolution of the case.  *See e.g.,* Florida Int'l Univ. Bd. of Trustees v. Florida Nat'l Univ., Inc., 830 F.3d 1242, 1252–53 (11th Cir. 2016).

4.  **Administrative Record.**

    a)  Defendants will provide the proposed administrative record to Plaintiffs by September 15, 2020.

    b)  The Parties shall thereafter seek, informally and in good faith, to resolve any issues regarding the completeness of the administrative record without the assistance of the Court.

      c)     If, after good-faith discussions, the parties are unable to resolve any dispute over the sufficiency of the administrative record, Plaintiffs may file a motion related to that dispute by November 2, 2020.  Defendants shall file any response within 14 days, and Plaintiffs may file any reply within 7 days of Defendants' response.

      d)     If Plaintiffs file a motion under this section, the Parties shall file a proposed scheduling order for dispositive motions within 14 days of any ruling on that motion.

5.    **Dispositive Motions.**

If Plaintiffs do not file a motion challenging the sufficiency of the administrative record, the following dates will apply:

      a)     Plaintiffs will file a motion for summary judgment by November 16, 2020.

      b)     Defendants will file their cross-motion for summary judgment and response to Plaintiffs' motion by December 16, 2020.

      c)     Plaintiffs will file their response to Defendants' cross-motion and reply in support of their motion by January 18, 2021.

      d)     Defendants will file their reply in support of the cross-motion by February 1, 2021.

6.    **Suitability of Action for Alternative Dispute Resolution.**  The parties

do not believe alternative dispute resolution is appropriate at this time.

7.      **Joinder of Parties**.  The parties do not believe any additional parties need to be joined.

8.      **Deadline to Amend the Pleadings**.  The parties do not anticipate a need to file amended pleadings.

9.      **All Other Deadlines**.  For the reasons described above, the parties do not anticipate a need for a deadline for: (1) initial written discovery; (2) the designation of expert witnesses; (3) the completion of discovery; (4) mediation; or (5) motions regarding expert witnesses.


Respectfully submitted,


September 1, 2020                    ETHAN P. DAVIS
                                     Acting Assistant Attorney General

                                     LESLEY FARBY
                                     Assistant Branch Director


                                     */s/ Eric J. Soskin*
                                     ERIC J. SOSKIN (PA Bar #200663)
                                     Senior Trial Counsel
                                     Federal Programs Branch
                                     U.S. Department of Justice, Civil Division
                                     1100 L Street, NW Rm. 12002
                                     Washington, DC 20530
                                     Telephone: (202) 353-0533
                                     Fax: (202) 616-8470

Email: Eric.Soskin@usdoj.gov
*Counsel for Defendants*

M. Reed Martz*
Freeland Martz, PLLC
302 Enterprise Dr, Ste A
Oxford, MS 38655
Phone: (662) 234-1711
reed@freelandmartz.com
Alabama Bar No. MAR160
*\*Counsel for Plaintiffs*

Robert J. Olson
William J. Olson
Jeremiah L. Morgan
WILLIAM J. OLSON, P.C.
370 Maple Avenue West, Ste 4
Vienna, VA 22180
T: (703) 356-5070
T: (540) 450-8777
F: (703) 356-5085
wjo@mindspring.com
*Of Counsel*

5