2021 Jun-11  PM 01:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

- 7 -

Acting Assistant General Counsel
(Enforcement)

-

    above and beyond the requirements provided for by
    the plain language of the statute.

914 F.2d at 485.  The court rejected the Government's
argument that the terms "receipt" and "possession"
were synonymous, noting that the Government's
interpretation would "place a gloss on the statute
which is not supported by the statute's plain
language."  914 F.2d at 484.

Similarly, there is nothing in the "plain language" of
the Brady law that would support the interpretation
put forward by OPD.  We recognize the policy
considerations underlying the OPD suggestion.  There
is no question that the recognition of five-year
permits as alternatives to a NICS check may result in
the purchase of firearms by individuals with Federal
firearms disabilities, where the individuals have
received a State permit prior to committing a
disabling offense.  However, it appears that this is
an inevitable result of the law, and not something
that ATF can address through the regulations.  As the
Fourth Circuit suggested in the NRA v. Brady decision,
"courts are simply not at liberty to ignore the plain
language of the statute.  The policy arguments
forwarded by the Secretary with respect to enforcement
'should be directed to the Congress rather than
to [the courts].'" 914 F.2d 475, 485, quoting
McCulloch v. Sociedad Nacional, 374 U.S. 10, 22
(1963).

### Administrative Procedure Act Issues

Finally, it should be noted that even if the statute
provided ATF with authority to impose additional
qualifications on the acceptance of permits as Brady
alternatives, this issue was not raised in ATF's notice of
proposed rulemaking.  The Administrative Procedure Act
(APA), 5 U.S.C. 553, generally requires that before an
agency issues a rule, it must first publish a notice of
proposed rulemaking which, among other things, contains
"either the terms or substance of the proposed rule or a
description of the subjects and issues involved."  5 U.S.C.
§ 553(b)(3).

ATF000770

- 8 -

Acting Assistant General Counsel
(Enforcement)

It is well established that a final rule may differ in some particulars from the proposed rule. Brazos Electric Power Cooperative, Inc. v. Southwestern Power Administration, 819 F.2d 537, 543 (5th Cir. 1987). However, an agency does not have "carte blanche to establish a rule contrary to its original proposal simply because it receives suggestions to alter it during the comment period." Chocolate Manufacturers Association v. Block, 755 F.2d 1098, 1104 (4th Cir. 1985). Instead, the notice of proposed rulemaking must be sufficiently descriptive to alert interested parties to the possibility of changes eventually adopted from the comments. See Wagner Electric Corp. v. Volpe, 466 F.2d 1013, 1019 (3d Cir. 1972). The question is whether the notice would "fairly apprise interested persons of the 'subjects and issues' before the Agency." National Black Media Coalition v. FCC, 791 F.2d 1016 (2d Cir. 1986). Other courts deem the notice to be sufficient if the final rule is a "logical outgrowth" of the proposed rule. Brazos, 819 F.2d at 543.

It is arguable that the notice of proposed rulemaking put interested parties on notice that ATF would be defining the conditions that must be met by permit alternatives under Brady. However, there was certainly nothing in the notice that indicated that ATF was considering imposing conditions that went beyond the language of the statute. Furthermore, the specific criteria that OPD is proposing have no basis in the record, and might be difficult to defend. Accordingly, the adoption of the OPD comment would be subject to challenge under the APA, even if it was determined that ATF had authority to promulgate such a regulation.

ATF000771

- 9 -

Acting Assistant General Counsel
(Enforcement)


### Conclusion

For the above reasons, it is our conclusion that the Brady
law provides no authority for the regulation proposed by
OPD.  Furthermore, even if such authority existed, the
adoption of the OPD comment would be subject to challenge
under the APA.

Stephen J. McHale

ATF000772

## GUIDANCE: QUALIFYING STATE NICS ALTERNATE PERMITS (MAY 2018)
Law and Policy Division & Senior Policy Counsel (Firearms and Explosives)
Office of Chief Counsel
Bureau of Alcohol, Tobacco, Firearms and Explosives

### INTRODUCTION

When ATF receives inquiries from a State entity regarding its existing or proposed National Instant Criminal Background Check System (NICS) alternate permit, field counsel in that State will serve as the Field ATF NICS Alternate Permit Point of Contact (POC). Field counsel will correspond with the State entity and conduct an analysis of the permit to determine whether the permit qualifies as a NICS alternate permit. Field counsel will also send their analysis and proposed final response to the State entity to the Law and Policy Division (LPD).

LPD will serve as the HQ ATF NICS Alternate Permit POC. LPD – in coordination with the Field ATF NICS Alternate Permit POCs and with the assistance and expertise of the Senior Policy Counsel (Firearms and Explosives) – will ensure that field counsel's analysis and proposed final response to the State entity reflect a nationally consistent interpretation of the applicable laws and implementing regulations. In addition, LPD will coordinate with the Office of Enforcement Programs and Services (EPS) at ATF Headquarters to finalize and send responses to the States.

### BACKGROUND

**Gun Control Act of 1968**

The Gun Control Act of 1968 (GCA), 18 U.S.C. Chapter 44, regulates interstate and foreign commerce in firearms, including importation, "prohibited persons," and licensing provisions.

**Brady Handgun Violence Prevention Act of 1993**

Since 1998, ATF has issued open letters to FFLs as valid permits in their State qualify as alternatives to the background check requirements of the Brady Law for no more than 5 years from the date of issuance. *See* ATF, Firearms Open Letters, *https://www.atf.gov/rules-and-regulations/firearms-open-letters*; Permanent Brady Permit Chart, https://www.atf.gov/rules-and-regulations/permanent-brady-permit-chart; *see also* CC_ALL (P: Shared Drive) → COUNSEL → NICS Alternate Permits.[1]

The Brady Law contains exceptions to the NICS check requirement, including an exception for holders of certain State permits to possess or acquire firearms.  *See* 18 U.S.C. § 922(t)(3)(A); 27 C.F.R. § 478.102(d)(1). ATF interprets the Brady Law and implementing regulations to provide

---

[1] Efforts are currently underway to place relevant documents maintained in the Office of Chief Counsel Law Library in the appropriate folders on our directorate shared drive. *See* CC_ALL (P: Shared Drive) → COUNSEL → NICS Alternate Permits. These documents will ultimately be added to SharePoint.

ATF000871

that a State permit may qualify as an alternative to the NICS check if the permit meets the 3 criteria below.[2]

- The State law must authorize a person to possess or acquire a firearm with the permit.

- The State law or permit application must provide that the permit indicate the issuance date or expiration date, so that the FFL may verify that it was issued within 5 years before the date of transfer.

- The State law must authorize a qualified government official to conduct a full NICS background check to verify that the possession of a firearm by the applicant would not violate Federal, State, or local law.

**Immigration Alien Query (IAQ)**

On February 5, 2002, ATF published temporary regulations implementing the statutory provisions prohibiting the possession or receipt of firearms by nonimmigrant aliens, subject to certain exceptions. *See* 67 FR 5422 (amending in part 27 C.F.R. § 178.124 to reflect changes to ATF Form 4473, "Firearms Transaction Record," to require every person to list various information, if applicable, such as country of citizenship, and alien or admission number).

On July 23, 2002, ATF issued an open letter, advising permit States that certain queries must be initiated for non-U.S. citizen applicants as part of the NICS check performed prior to the issuance of a qualifying permit. Specifically, if the applicant was not a U.S. citizen, the issuing authority was instructed to obtain information about the applicant's country of citizenship, place of birth, and alien or admission number. In the fall of 2002, ATF contacted qualifying permit States to verify their compliance with the procedures set forth in the July 23, 2002 open letter.

---

[2] 18 U.S.C. § 922(t) states, in relevant part:

> (3) Paragraph (1) shall not apply to a firearm transfer between a licensee and another person if –
>
> (A) (i) such other person has presented to the licensee a permit that –
>
> (I) allows such other person to possess or acquire a firearm; and
>
> (II) was issued not more than 5 years earlier by the State in which the transfer is to take place; and
>
> (ii) the law of the State provides that such a permit is to be issued only after an authorized government official has verified that the information available to such official does not indicate that possession of a firearm by such other person would be in violation of law; ….

18 U.S.C. § 922(t)(3).

ATF000872

In 2004, ATF issued a Letter to States with Permits that Appear to Qualify as Alternatives to NICS Checks, asking permit States to send a written response to ATF, explaining how the State licensing authority complies with the minimum requirements for qualifying permits under the Brady Law and its implementing regulations.

## ANALYSIS

**Document Review**

As part of the field counsel analysis,



**Other Considerations**



**Criteria**

For a State permit to qualify as a valid alternative to the NICS check, the relevant State law and/or permit application must meet the minimum criteria below.

1.  **The State law must authorize a person to possess or acquire a firearm with the permit.**

    In a State where a person may openly carry a firearm or possess a concealed firearm without a permit, the FFL would have to conduct a NICS check.

Page | 3

2.  **The State law or permit application form must provide that the permit indicate the issuance date <u>or</u> expiration date.**

. The FFL must be able to verify that the permit was issued within 5 years before the date of transfer.

3.  **The State law must authorize a <u>qualified government official</u> to conduct a full NICS background check to verify that the possession of a firearm by the applicant would not violate Federal, State, or local law.**

4.  **The State law must provide that a <u>full NICS check</u> will be required that covers all Federal firearms disabilities.**

    A fingerprint based check alone is insufficient.

5.  **The State law must provide that the permit be denied to any person prohibited by Federal law from possessing firearms.**

6.  **The State permit application must require the applicant to submit the requisite information for an Immigration Alien Query (IAQ) check: place of birth, country of citizenship, <u>and</u> alien or admission number.**

    A full NICS check must include the IAQ check for non-U.S. citizens. Information needed to conduct an IAQ check includes:  place of birth, country of citizenship, <u>and</u> alien or admission number.

    An Alien Number (or Alien Registration Number) is a number assigned to a non-citizen and found on the back of a Permanent Resident Card (or green card). *See* U.S. Citizenship and Immigration Services, Glossary, https://www.uscis.gov/e-verify/customer-support/glossary.

    An Admission Number is a number found on the Arrival-Departure Record, a document issued to non-citizens when admitted to the United States. *Id.* During a NICS check, an IAQ check is conducted via the databases of the U.S. Immigration and Customs Enforcement (ICE), U.S. Department of Homeland Security, on all non-U.S. citizens

ATF000874

attempting or applying for the receipt of firearms in the United States. *See* ATF FFL Newsletter (Dec. 2002), *available at* https://www.atf.gov/firearms/docs/newsletter/federal-firearms-licensees-newsletter-december-2002/download.

7.  **The State law must provide that a NICS check will be conducted for <u>every</u> permit applicant.**



8.  **The State law cannot require issuance of the permit within a specified time period (e.g., 45 days) if NICS check results have not been received.**



9.  **The State law must require a <u>full</u> NICS check for permit <u>renewals</u>.**

**<u>RESPONSE LETTER</u>**



GUIDANCE: QUALIFYING STATE NICS ALTERNATE PERMITS (MAY 2018)

ATF000875

████████████████ █ █ ██ █ ████████████ █ ██ ████████
████████████████████████████

██████████████████████████████████████
████████████████████████

**RESOURCES**

There are a variety of resources for field counsel. To name a few –

- Brady Law
  https://www.atf.gov/rules-and-regulations/brady-law

- National Instant Criminal Background Check System (NICS)
  https://www.fbi.gov/services/cjis/nics

- ██████████████ █ █████ █ ███████████

- Field ATF NICS Alternate Permit POCs

    o  Field Division Counsel and/or

    o  Field Staff Attorneys

- HQ ATF NICS Alternate Permit POC

    o  Sophia Y. Kil
       Senior Attorney
       Law and Policy Division
       Office of the Chief Counsel
       Bureau of Alcohol, Tobacco, Firearms and Explosives
       99 New York Avenue, NE, Room 6E353
       Washington, DC 20226
       Office: (202) 648-7003
       iPhone: ████████████
       Fax: (202) 648-9584
       E-mail: ████████ @atf.gov

ATF000876